UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,　　　　　　MEMORANDUM
　　　　　　　　　　　　　　　　　　　　　　　　　AND
　　　　　　Plaintiff,　　　　　　　　　　　　　ORDER

　　- against -　　　　　　　　　　　　　　93-CR-908 (TCP)

RAZ BEN-ZVI,

　　　　　　Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLATT, District Judge.

　　　　By letter dated July 5, 2005, defendant makes yet another request for permission to travel to Russia on July 20, 2005, for fourteen days "for the continuation of my ongoing business negotiations in Russia."

　　　　Last year, defendant traveled to Russia two times, each for a length of not more than ten days on behalf of and at the expense of his then employer Murphy Overseas LLC. At the beginning of this year, this Court, with the consent of the Probation Department, agreed that during the calendar year defendant might take two business trips. Defendant did so in the first six months of the year; the first trip for six days and the second trip for fourteen days. Preliminary investigation by the Probation Department indicates that defendant is indebted to his former employer in the approximate amount of $20,000 which was advanced

to him for those trips.

        While defendant has been making payments towards' his debt to the United States, he, also, owes substantial sums to his wife and children pursuant to the orders of the Supreme Court of Nassau County in his divorce proceeding with his wife. The trial in such proceeding is scheduled to commence on September 20th of this year. A copy of the most recent decision by the Nassau County Supreme Court is annexed hereto and a part hereof.

        In the 17 months since defendant's release from incarceration, defendant has repeatedly sought work in Russia, but has given little evidence of attempts to find work on this side of the ocean and defendant's present application is for the purpose of the "negotiation of a joint venture between Russian trading companies" and his recently formed domestic U.S. corporation.

        In the State Court proceeding, Supreme Court Justice Anthony J. Falanga specifically found that "each party contends that he and she have no assets and minimal income" and, as indicated, the trial in that matter is scheduled within the next two months.

        No where does the defendant indicate to Supreme Court Justice Falanga or to this Court, where the money required to pay the balance due to this Court and to his family is coming from other than from a further depletion of the

"minimal income" that he claims he enjoys.

The reason this Court placed a two trip per year restriction on the defendant, was to insure that he did not dissipate whatever he may have left to satisfy his obligations to his family and to this Court.

Defendant has not furnished to the State Court or to this Court anything but a hope for an agreement that may produce income some time in the future, but outlines no effort he has made in this country to obtain some income over the last 17 months since his release from incarceration. This, in the Court's view, is not a bonafide effort to satisfy his obligations to either his family or to this Court. Under the circumstances, this Court feels constrained to deny his application.

SO ORDERED.

  /s/ Thomas C. Platt_____
District Judge, United States District Court

Dated: Central Islip, New York
July 18, 2005