UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

              Plaintiff,              MEMORANDUM
                                                 AND
  - against -                            ORDER

ROZ BEN ZVI,                                93-CR-908 (TCP)

              Defendant.

-------------------------------------------------------X

PLATT, DISTRICT JUDGE.

        Defendant has filed yet another letter, this one dated April 24, 2006, complaining about this Court's Memorandum dated February 9, 2006, denying his request for international travel.

        According to a Memorandum dated April 20, 2006, of Supervising Probation Officer Fredrik Schramm (which was "So Ordered" by this Court), Probation Officer Craig Schneider, discussed "in detail" with the defendant at defendant's home on February 18, 2006, the reasons for denial which included *inter alia* the facts that defendant's proposed employer Mr. Dennis James Murphy (owner of Murphy Overseas USA, LLC) "had been arrested six (6) times and charged "with crimes such as resisting arrest, reckless driving, public indecency and numerous alcohol-related offenses" and that his criminal history dated back to 1970 with the most recent arrest occurring in 2001 (copy of the Memoranda

attached).

Specifically, according to the Probation Department:

> "Mr. Murphy was first arrested on September 26, 1970 in Linn County, Oregon and charged with Driving Under the Influence of Liquor. On November 25, 1970 Mr. Murphy was ordered to pay a fine as disposition of the same."

> "On May 2, 1972 Mr. Murphy was arrested in Florence County, Oregon and charged with Driving Under the Influence of Liquor II (DUII) and Resisting Arrest. Mr. Murphy was ordered to pay a fine as disposition of the DUII and the Resisting Arrest charge was dismissed."

> "On February 9, 1976, Mr. Murphy was arrested in Eugene County, Oregon and charged with DUII. Mr. Murphy was acquitted of this charge on April 20, 1976."

> "On September 18, 1978, Mr. Murphy was arrested in Portland, Oregon and charged with Public Indecency."

> "On November 24, 1980, Mr. Murphy was arrested in Portland, Oregon and charged with Driving While Suspended."

> "On August 8, 1989, Mr. Murphy was arrested for DUII by the Portland, Oregon Police Department. He was found to have a blood alcohol level of .09. Officers observed him exiting his vehicle unable to walk."

> "On August 1, 2001, Mr. Murphy was arrested by Warrington, Oregon Police Department for DUII. On June 28, 2002, the DUII charge was dismissed and he was charged and convicted with Reckless Driving wherein he received $1,613.00 fine. According to police reports, Mr. Murphy was arrested with a blood alcohol level of .05. Specifically he was observed driving a motor vehicle at a high rate of speed, recklessly. When officers attempted to

conduct a traffic stop, Mr. Murphy veered from the right lane of a four lane highway to the far left lane without signaling."

In short the Probation Department was "concerned with Mr. Murphy's thirty year history with the law enforcement community and what appears to be a significant history of alcohol-related arrests. In addition, we do feel as though Mr. Murphy downplayed his criminal history when originally questioned by the undersigned officer at the commencement of the offender's supervision term . . . and his failure to be completely forthright as to the extent of his criminal history" which delayed investigation into this matter and created concerns about his future reliability.

Based on all of the foregoing the Department did "not feel as though it is in the best interest of the rehabilitation of the offender to remain in Mr. Murphy's employ at this time.

Moreover, the Department concurred with "Justice Anthony J. Falanga, who wrote in May 25, 2005 Decision and Order . . . that the offender has failed to demonstrate his ability to secure employment commensurate with his experience and qualifications. This has been evidenced further by the offender's conduct upon his referral to the Hempstead Works vocational program by the undersigned officer in August of 2005. Upon his return to the program he provided the undersigned officer with a note from the program advising that they would be

3

unable to assist him because of his inability to write in English. However, when the undersigned officer contacted his case worker he was advised that the offender had informed them that he did not need their services because he was self-employed."

In sum the Probation Department said that "the offender appears determined to pursue only this unproven, highly speculative employment in Russia, and is resistant to securing alternative employment which would better lend itself to scrutiny by the Probation Department and provide for a steady and reliable stream of funds towards restitution."

At the conclusion of the defendant's conference with Probation Officer Schneider the Department states that "you requested and were granted permission by the probation officer to travel domestically in furtherance of your employment with Dennis Murphy and to relocate to the West coast if a transfer of supervision was accepted by the receiving district."

The dependent still owes on his restitution $6,586,210.70 of his original $6,629,512.

It is worthy of note, that at an earlier conference on October 5, 2005, with Probation Officer Schneider, the defendant, in support of another international travel request submitted proposed business contracts in the first paragraphs of which the defendant represented that he "has financial means, clean

4

and free from any liens" at a time when he was fully aware of the restitution judgment in excess of six and a half million dollars against him, i.e. he was prepared to enter into this contract under false pretenses.

In his latest communication to the Court dated April 24, 2006, the defendant indicates he has ten months remaining under supervised release.

In this Court's view this Court's Probation Department's concerns regarding his proposed trips to Russia on behalf of Murphy Overseas USA, LLC, are well grounded and the observations of Mr. Justice Anthony J. Falanga (who presided over the defendant's divorce proceedings) are substantial additional reasons for the Department's concerns. Under all of the circumstances the Court affirms its decision of February 9, 2006 and the decisions of the Probation Department denying any further travel to Russia at this time.

SO ORDERED.

/S/_____
District Judge, United States District Court

Dated: Central Islip, New York
May 2, 2006